Good morning, Your Honors. Robert Burke, B-E-R-K-E, for the Petitioners. And may it please the Court, as a very preliminary matter, the Petitioners' Brief in this case makes reference to a case, Limon v. Gonzales. That case has subsequently been withdrawn by this Court and should not be cited before this Court or relied on by this Court at this time. That having been said, Your Honor, I believe the government and Petitioners are in agreement, at least with regard to the female Petitioner in this case. In agreement that what? That Tapia would mandate that further findings would be necessary before the Court could deem there to have been a significant interruption. The government agrees to a remand of the female? Yes, Your Honor. So I don't intend to argue that. So if you don't, there's nothing further you want us to do? You just simply want us to remand? On the female. Okay. On the male, too, naturally. But I think, I don't think the Court would be inclined to do that without hearing some argument. All right. And basically, I think there are two different ways that we could look at this. I'll call one the very comfortable way and I'll call one a far less comfortable way, but the very comfortable way to look at this is to simply deal with the issue of did the judge make this determination as a discretionary determination or did this judge make this determination as a nondiscretionary determination? Well, isn't it pretty clear that she didn't rely on one of the per se rules? Your Honor, I think the distinction between discretion and nondiscretion isn't it clear that she didn't rely on the per se categories? To say that she didn't rely on the per se categories would mean that she had to rely on the catch-all provision. Isn't that the kind of tone of her decision? I would agree that the tone of her decision is that. However, everything else that she does, and this is why I'm glad the standard of review here is de novo, everything else she does indicates that she's not making this as a discretionary decision. As a matter of fact, referring back to the C.A.R., this was not in the excerpts of record, but in the C.A.R. on page at the hearing prior to. The C.A.R. She doesn't rely on a specific statutory provision that you can pigeonhole. I'm sorry, Your Honor? If she does not rely on a specific statutory basis at all. Yes. The only pigeonhole left for you is discretionary, isn't it? It is but for one thing, Your Honor, and that is when an immigration court is going to exercise discretion. What jurisdiction do we have to review a discretionary act by the U.S.? None at all. But you do have jurisdiction to ascertain whether she made a discretionary decision, and that would require that she considered both the favorable and negative factors. And my position as I stand here and argue is that even though she says that she measured favorable and negative factors in making this discretionary determination, in fact she did not, and the record is absent, that consideration of positive factors, which would lead me to say, yes, this was something that she did as an exercise of discretion. Let me ask you this. Let's assume that she, just for purposes of discussion, that Judge Beazer suggested that she was exercising discretion. Was she exercising pure discretion? No. Unbinded discretion. Unencumbered by rules. I don't think she did, and I think we can still look back to the Spencer case and we can glean an argument out of that that there is plenty of guidance by which discretion on this is guided by extant precedent, not the least of which the statute itself, which even if we're going to say, yes, there's a catch-all provision at the end of it, we can certainly say, hey, these are the categories of things where statutorily she wouldn't be able to find good moral character, and those categorized things would in and of themselves be guidance as to what else could be a factor. But also there's interesting things in that statutory list pointed out in another case which is not properly before this Court, but the idea of the habitual drunkard. I mean, if a judge is going to make a decision that somebody who maybe has some DUI convictions or what can a court rely on besides their discretion to say this person is a habitual drunkard or this person is not a habitual drunkard. She pointed to the fact that he was, let's see, he testified that he had been detained or stopped or something by the police officer for selling corn on the street. Yes. He walked out of a Target or one of those stores wearing shoes but wasn't arrested, apparently was questioned and whatnot, but wasn't prosecuted for that. But then he mentioned that he had suffered a quote-unquote child abuse conviction, but we don't know what the statutory crime of conviction was. It seems kind of odd that one of those would allow, you know, they don't fit within the catch-all. They all appear fairly minor, and it seems odd to allow the IJ to rely on those circumstances which don't seem to rise to the level of the per se categories. Well, I'm troubled by the fact that there's no evidence, and tell me if I'm wrong, but there appears to be no evidence in the record as to what the particular violation was. He just testified he was arrested for molesting a minor. And we know that under the categorical approach, some of those types of crimes would not be grounds for a finding of lack of moral turpitude. Both of Your Honors have just broached a topic near and dear to my heart. I mean, that's the number one reason why a judge should not be asking a respondent, you know, what happened? What were you arrested for? What were you convicted for? The overwhelming odds are the respondent has no idea. I always use the example of somebody who's driving in a car, and he's got 200 pounds of cocaine in the trunk, and he's got a little baggie of cocaine in his pocket. The attorney walks into court and says, you know, I'm going to suppress the stuff in the trunk. And the prosecutor says, just plead to the stuff in his front pocket. But when the immigration judge asks, what were you convicted of, he's going to say, oh, what were you doing, or what was the offense? Oh, I was driving around with 200 pounds of cocaine in the trunk, even though that's not what he was convicted of. In this case, the California DOJ is blank. This isn't even as, there's no documentary record at all that this is even a conviction. When it would come to making a discretionary good moral character decision, I don't understand how a judge could not mention the fact that, number one, we have no record that these things are convictions. Number two, if they are convictions, they were so de minimis that they didn't even end up on a Cal DOJ, especially with regards to the shoes. There's no, there's nothing of a police report or of an indication suggesting that this was any more than, oops, I accidentally, you know, was trying on shoes. And so I don't see the analysis that would go into saying, oh, I'm exercising my discretion and I'm exercising my discretion this way because of these things. And since the judge said I'm making this finding under Section 101F, regardless of which prong of 101F she's applying, she's making that determination as a matter of statutory eligibility. And I can further support my argument that it's a determination she's making as a function of statutory eligibility from the fact that she has segregated this issue, put it at the beginning of the merits hearing, and following questions about the crimes and the crimes only, turns to Petitioner's counsel and says, do you want to qualify her for voluntary departure? So she didn't make findings. She didn't do reasoning. She didn't do anything that suggests that she's done what she needs to do to make a discretionary determination. And I think in light of the ambiguity extant in the record, and I understand this Court may not agree with me that it's ambiguity, but in light of the ambiguity that's extant in the record, I think we're forced to the conclusion that she's doing it as a matter of statutory eligibility. Let me ask one last question. I know your time is running out. I apologize. But assuming for a moment that we would agree that we have jurisdiction to review this determination, what do we do with the case? Do we just grant relief? Do we grant the petition? Do we grant a remand because we don't know the statutory basis? What do we do? It would necessarily need to be a remand, Your Honor. It would need to be further findings on the issue of whether these events, I can't even call them crimes, whether these events are sufficient to sustain a discretionary action. Whether he actually suffered a conviction for child molestation. I'm sorry, Your Honor. Whether he actually suffered a conviction for child abuse. I don't think that's the end of the analysis, because even with the conviction Didn't the claimant in a civil case like this have the burden of putting on the proof when he had the opportunity? The Sending it back for a new trial, essentially, is what you're saying in response to Judge Baez. Well, again, and it's one reason why I'm very happy that this is de novo, because I think the review of the record indicates that counsel who was present back to trial was very much of the You agree we're not going to substitute our judgment for the judgment of the I.J., right? Yes, Your Honor. And the I.J. had a record that was made by the petitioner and found it insufficient and denied relief, right? Well, I hate to disagree with a member of the circuit court, but I think the judge led counsel at that hearing to believe that this was an analysis of the statutory eligibility, statutory inability to show good moral character. You're saying that prior counsel was incompetent? No. I think the judge let him down a road. I apologize for saying it. But I think that the setup to this was, and that the actions of counsel indicate that his understanding was, and a review of the record doesn't necessarily mean that that wouldn't have been my understanding or somebody else's understanding, that the judge was going through statutory eligibility. If you approach this from a burden of proof and we look at the record and it's insufficient, how can we grant you any relief? I would further posit, Your Honor, that referring to the comments made by Judge Kagan, I would further comment that as a very objective matter, these things don't add up to a lack of good moral character, no matter how you slice it. All right. Counsel, you're well over your time. Thank you very much, Your Honors. I appreciate the extra time. May it please the Court. My name is Manning Evans. I represent the government in this matter. I just wanted to address a couple of the questions that the Court raised during Petitioner's argument. First of all, I would emphasize that, of course, the alien, the Petitioner here, had the burden of proof of showing that he was eligible and merited the exercises of favorable discretion of the immigration judge. And the immigration judge, in fact, continued the immigration court proceedings to give Petitioner the opportunity to come up with the conviction documents relating to the child molestation conviction. Petitioner did not avail himself of that opportunity. There are no documents in the record. The immigration judge had only his – only had Petitioner's admission on the record that he had molested a minor. We know under the Taylor modified categorical approach, we're not supposed to consider  Well, Your Honor, this is not a matter of showing removability. This is a matter of showing whether or not the Petitioner merits the favorable exercise of discretion for relief. This is not a question of moral turpitude. This is a question of good moral character. And I believe that there is a difference. So I believe that the immigration judge could properly rely on the fact that the Petitioner has admitted before the judge in open court under oath that he molested a minor. But we still don't know what statute that would be. How could you expect that – well, I have a concern about it, okay? So how do we know that it's something that actually rises to that level? Well, Your Honor, I think that when someone says in open court that they molested a minor, that on its face, even apart from whether or not any crime, any conviction occurred at all, it's a very serious event. And I think the immigration judge clearly recognized that it's the kind of event that scars people for a very long time, and it was proper for the immigration judge to take that into account. Whatever the statute, the person might have been convicted. Would it make a difference whether it was a misdemeanor or a felony? This didn't even appear on his – on any record, Justice. Well, it did not appear in the California Attorney General letter, and no other records were offered. Doesn't that suggest – I mean, doesn't that trouble you? Well, Your Honor, we don't know what State it occurred in. So the fact that there's no record before the Attorney General isn't conclusive. Why – why don't we think it's in California, if the – if they got the letter from the California Attorney General? Well, if the – if the conviction or the criminal event occurred in another State, the California Attorney General might come out. Was there an FBI check? Well, Your Honor, the transcript, I believe, reflects that the trial attorney, the INS attorney, was aware of a positive hit on the FBI prints, but offered no further evidence on that point. But I think the government's entitled to rely on the alien's admission in court until he comes forward with some other evidence that negates the fact that he's saying, I molested a minor. Let me ask you this. Let's just turn – I think the difficulty here really is jurisdiction. Yes, Your Honor. And let me – is it your position here that this was just unbounded discretion? No, Your Honor. But I don't think that that's the question in deciding whether or not jurisdiction exists in this court. Under our – under our recent law. I mean, we have some cases that talk about discretion and what discretion really means and what kind of discretion is subject to our review or not. Of course, the court has come forward with several cases. Ramiro-Torres and Moran both talk about the distinction between discretionary decisions and questions of law. The Real ID Act, of course, offered the new – or added the new provision conferring jurisdiction on the court to entertain and consider questions of law. I think the court has to consider whether or not any questions of law that are raised before this court were exhausted before the agency in deciding whether or not it has jurisdiction. Can I ask you something about – I mean, I think with every statutory construction argument, you need to look at the statute. Yes, Your Honor. So in looking at the actual words of the statute, the catch-all provision – and you don't disagree she did it – she made her determination under the catch-all provision, right? That is our position, Your Honor. That's correct. Okay. 101F, not any of the enumerated provisions, but instead the provision that allows the immigration judge to consider. Catch-all clause that we're talking about. Okay. So it says, the fact that any person is not within any of the foregoing classes shall not preclude a finding that – and then for me, the critical words are, for other reasons, such person is or was not of good moral character. And it seems to me that when we say for reasons, you're not talking about that in discretion. You're talking about something that has a rationale, you know, just the plain meaning of this, some sort of rationale. And that's – and that, I guess, in the Eighth Circuit's analysis in the – I can't – let's see – Ikenokwalu White case seems to be persuasive to me, although they didn't go off on the straight construction of statutory language. They viewed it as non-discretionary for other reasons. Well, Your Honor, I'm not familiar with the Eighth Circuit case on this. You're not? I believe – It rejected your position. I'm sorry, Your Honor? It rejected your position. It's Ikenokwalu White v. the INS, and it was a 2002 case. How can you not be aware of it? It rejects the exact position you're taking in court today. Well, Your Honor, it's an Eighth Circuit case, and I was focusing on Ninth Circuit cases, and I'm not aware – Okay. And I'm taking the Court's representation on that. I assume it's an Eighth Circuit case. It is. Hey. I wouldn't be lying to you. I promise. I understand. I just want to say that – It's an Eighth Circuit case. It is an Eighth Circuit case. Your Honor, I can only say that the statutory bar in 8 U.S.C. 1252 says that this Court cannot review discretionary decisions, and it has repeatedly distinguished between discretionary and the per se categories when it analyzes Section 101F. But interestingly, we've never confronted this clause head-on. That may be true, Your Honor. It's an Eighth Circuit that has looked at the language that Judge Wardlaw has just pinpointed. Many of the cases do seem to focus more on the fact that a per se exclusion is actually presented. I think the Court's decision in Ramadan is actually helpful in this matter. And if I may cite the provision or the decision in that case, that would be at 427 Fed Third 1218, Ninth Circuit, 2005. And in that decision, the Court decided how did the real ID broaden the Court's jurisdiction when it added the language that the Court could review constitutional or questions of law, constitutional issues or questions of law. And the Court said Congress did not intend to confer jurisdiction to look at discretionary issues or factual questions when it wrote this provision into the law. And instead, questions of law are exemplified by statutory interpretation. Now, it's possible that there could be factual issues that arise that actually do rise to the level of constitutional issues. If there is a gross misdetermination of the facts such that due process might be violated, I think then the Court might be able to go beyond the statutory interpretation type of questions and say, we have jurisdiction to review this because it's a constitutional issue. But no such question is presented in this case. I mean, it seems to me that the provision itself says for other reasons. It would imply they have to be legitimate or valid reasons. They can't be arbitrary or, you know, personal judgment kind of reasons. I think that's true, Your Honor. And I think that if something rose to that level, if it became completely arbitrary, then you would have a constitutional issue. But I don't believe that's the case here. You have an immigration judge who conducted a fair proceeding, offered Petitioner's Counsel the opportunity to conduct direct examination before he deferred to the government attorney to question about moral character. Petitioner's Counsel declined to conduct redirect examination. Petitioner's Counsel declined to come up with conviction documents.  And then the immigration judge can't do that. We should look at first the reasons to see if we have jurisdiction and not the other way around. Well, Your Honor, I think that the question is what issues are the Petitioner presenting. And I don't think that the Petitioner is pointing to any violation of constitutional law here. And clearly, the immigration judge ---- But the Real ID Act said, according to our case law, I guess, and other circuits, that you can look at either questions of law or constitutional questions. Yes, Your Honor. So isn't it a question of law whether or not the reason that the I.J. relied upon was a legal reason? I don't think the Court can say that, Your Honor, because the Court has to give meaning to the fact that there's a jurisdictional bar for discretionary determinations. And I think that 101F, the catch-all provision, is clearly providing for a discretionary determination. I just have one. Are you aware of any other circuits who have addressed this issue head-on? Well, the Ramadan Court relies on a Seventh Circuit decision for the same proposition. They cite legislative history that talks about the narrow scope of jurisdiction conferred by the Real ID Act. I'm talking about construing the catch-all provision. No. I'm afraid I'm not aware of any decision that construes that provision in a way that says it presents a question of law. Or construes it at all? I haven't researched that issue. Okay. Thank you. Your time's up. I may be asking the parties for supplemental briefing on that particular question. Thank you, Your Honor. I would appreciate the opportunity if the Court is inclined to look at that further. Thank you very much. Thank you. The case of Ozuna v. Gonzalez is submitted. We have previously submitted on the briefs Teles Manguia v. Gonzalez, Sanchez Chacola v. Gonzalez, White v. AutoZone, and we will take up Service Management Systems v. Steadfast Insurance Company. Counsel? Counsel?
judges: Beezer, Wardlaw, Paez